UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDREW GROSS, III,

                    Plaintiff,

                                                    CASE NO. 09-CV-14534

v.                                                  HONORABLE AVERN COHN

U.S. DEPARTMENT OF EDUCATION,
ACXIOM CORPORATION, EXPERIAN
CREDIT BUREAU, TRANS UNION CREDIT
BUREAU, LLC, STATE OF MICHIGAN CHILD
SUPPORT OFFICE, INTERNAL REVENUE
SERVICE,

                    Defendants.
_____/

**<u>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
UNDER FED. R. CIV. P. 59(e) (Doc. 7)</u>**

I.

        In 2009, plaintiff Andrew Gross, III a state prisoner, filed a <u>pro se</u> complaint

claiming violations of the Fair Debt Collection Practices Act well as an application to

proceed without prepayment of fees and costs in order to waive the $350.00 filing fee

for this action.  <u>See</u> 28 U.S.C. § 1915(a)(1).  On November 24, 2009, the Court denied

plaintiff's application to proceed without prepayment of fees and costs and dismissed

the complaint without prejudice under 28 U.S.C. § 1915(g).  (Doc. 3).  The Court's

decision was based on finding that plaintiff had filed at least three prior lawsuits in this

district which had been dismissed as frivolous.  As such, plaintiff was not eligible to

proceed without prepayment of fees and costs under the three strikes provision of the

Prison Litigation Reform Act.[1]  Plaintiff filed a notice of appeal.  (Doc. 5).  The Court of Appeals for the Sixth Circuit later dismissed the case for want of prosecution.  (Doc. 6).

Before the Court is plaintiff's motion to alter or amend the judgment.  For the reasons that follow, the motion is DENIED.

II.

Motions to alter or amend judgment under Fed. R. Civ. P. 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  GenCorp., Inc. v. Am. Int'l Underwriters,178 F.3d 804, 834 (6th Cir. 1999).  Petitioner contends that the judgment should be amended based on an intervening change in the law in the form of a 2012 decision from the Court of Appeals for the Fourth Circuit in Henslee v. Keller, 681 F.3d 538 (4th Cir. 2012).  Plaintiff says that based on Henslee, he is not barred from proceeding without prepayment of fees in this case.

III.

Plaintiff says that the court in Henslee held that dismissal of an indigent prisoner's civil rights action does not constitute a third strike under the PLRA until the

---

[1]Under the Prison Litigation Reform Act (PLRA), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

plaintiff had exhausted or waived his appeals.  Plaintiff is mistaken as to the holding in

Henslee and as to its application to his case.  In Henslee, the Fourth Circuit addressed

whether a prisoner who had twice had cases dismissed for frivolousness or failure to

state a claim should be denied permission to proceed without prepayment on appeal

under the PLRA, when his third "strike" was the district court decision he sought to

appeal.  The Fourth Circuit held that "a 'prior occasion[]' under § 1915(g) cannot include

the dismissal of the underlying claim, and such a dismissal cannot act as a strike to

preclude IFP status on its own appeal."  681 F.3d at 543.

Here, the Court identified four prior strikes cases (case nos. 02-74123, 02-74850,

06-12820, and 06-13065) and a prior case in which plaintiff was determined to be

subject to the three strikes rule (case no. 08-13384).  Thus, plaintiff's situation is not the

same as in Henslee.  Rule 59(e) relief is not available.

SO ORDERED.


 S/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 10, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, July 10, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami                       
Case Manager, (313) 234-5160